**In the Matter of Frances X. CUDA, also known as Frances Xavier Cuda, Bankrupt.**

**No. 22461.**

United States District Court
W. D. Pennsylvania.

Dec. 19, 1957.

James R. Fitzgerald, P. J. McArdle, Pittsburgh, Pa., for petitioners, Matthew Dardis and Anna Dardis.

Dail E. Sloan, James J. Burns, Jr., Pittsburgh, Pa., for bankrupt.

MARSH, District Judge.

The matter here under consideration is a "Petition to Extend Time for Appeal to Review the Order of the Referee in Bankruptcy Discharging Objectors' Specification of Objections and Supporting Reasons for the Appeal".

We do not reach the merits of petitioners' objections to the referee's order. A review of the record and files in this case reveals an apparent laxity, delay and lack of diligence on the part of the petitioners from the very onset of the proceedings in bankruptcy continuing to the present petition, which conduct certainly does not tend to elicit the exercise of the court's discretion in their favor.

On October 10, 1955, Mrs. Cuda, the bankrupt, filed her petition in bank-

ruptcy. Prior to that date, the petitioners caused a levy to be made on certain personalty which they alleged was owned by Mrs. Cuda. Her husband, son and daughter claimed ownership of this property, and the Sheriff instituted an interpleader proceeding to determine ownership. However, Mrs. Cuda's petition in bankruptcy stayed these proceedings.

Her bankruptcy petition had the usual "Statement of Affairs" and "Schedules" attached, including a list of personal property assets, and was, of course, available to the present petitioners for their examination prior to the first meeting of creditors.

The first meeting of creditors was held on October 28, 1955, at which the bankrupt was present for examination. The petitioners were present with their counsel, but they did not ask the bankrupt a single question, despite the fact that they had previously levied on personalty which was not included in the bankrupt's schedule of assets. This is the same personalty which almost ten months later petitioners claimed Mrs. Cuda fraudulently omitted from her schedules.

In the meantime, the trustee filed a report of no assets in which he stated under oath, inter alia, that he had made diligent inquiry into the whereabouts of the property belonging to the estate; and that there were no assets in said estate over and above the exemptions claimed. On May 11, 1956, the referee approved the trustee's report of no assets, discharged the trustee, and closed the estate. Up to this date petitioners had made no effort to question or attack the schedule of assets or to take issue with the trustee's finding of no assets.

May 18, 1956, was the final date fixed by the referee for filing objection to the bankrupt's discharge. On that date petitioners filed objections, but they were not in compliance with the rule which requires that objections be specific in form.[1] Notwithstanding, they were granted leave to amend, which they subsequently did on August 15, 1956,—40 days after such leave was granted and 87 days from the time the specific objections should have been filed. We add that the specific objections were filed on August 15th, only after the referee had issued an order on July 27, 1956, reciting the fact that the amended objections had not been filed, and directing petitioners to file same on or before August 15, 1956. Again petitioners waited until the last date possible before acting to preserve their rights.

After a hearing, the referee on March 7, 1957 discharged the petitioners' specifications of objections to the bankrupt's discharge. They had 10 days in which to appeal from this order.[2] They argue that they did not appeal within the 10-day period because they were under a mistaken belief that they had 45 days in which to appeal. Despite their belief they did not file an appeal within 45 days. Instead, they filed the petition now under consideration to extend time for appeal, which petition was not filed until 54 days after the filing of the referee's order which they seek to have reviewed.

▆▆▆ There are occasions of inadvertence when the time for appeal should be extended. But where, as here, the entire course of conduct on the part of petitioners is fraught with neglect and inexcusable delays, the court does not think it should condone such conduct by granting an extension. Then, too, the court is mindful of the right of the bankrupt to a just and speedy determination of her status, and the right of the claimants of the disputed property to a just and speedy determination of their rights.[3]

An order will be entered dismissing the petition to extend time for appeal.

1. 11 U.S.C.A. following section 53, Gen. Order 32.

2. 11 U.S.C.A. § 67(c).

3. 11 U.S.C.A. following section 53, Gen. Order 37; Rule 1, Fed.R.Civ.Proc., 28 U.S.C.